IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EAST COBB FASTPITCH, INC.,

  Plaintiff,

    v.

EAST COBB BULLETS
FASTPITCH, INC., a Georgia
non-profit Corporation, et al.,

  Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-1285-TWT

**OPINION AND ORDER**

This is a trademark infringement action. It is before the Court on the Defendant Michael Syrop's Motion for Summary Judgment [Doc. 92]. For the reasons set forth below, the Defendant Michael Syrop's Motion for Summary Judgment [Doc. 92] is DENIED.

**I. Background**

The Plaintiff East Cobb Fastpitch, Inc. is a non-profit competitive softball league originally formed by Gregory Schnute in 1996,[1] and incorporated in 2001.[2]

---

[1]    Compl. ¶ 35.

[2]    Compl. ¶ 43; Syrop's Statement of Facts ¶ 1.

Schnute used the trademarks "East Cobb Bullets," "East Cobb Bullets Fastpitch," and "EC Bullets" to represent his league.[3] The individual Defendants in this action – Michael Syrop, Stephen Palazzo, and Charles Daniels – were coaches within the Plaintiff's league.[4] However, in early 2013, they left and formed a competing softball league.[5] In connection therewith, they formed two corporations named "East Cobb Bullets Fastpitch" and "East Cobb Bullets."[6] In addition, they allegedly used the Plaintiff's trademarks to represent their new league in various advertisements.[7] The Plaintiff filed suit, asserting claims for trademark infringement against the individual Defendants as well as their two corporate entities. Pursuant to a joint stipulation of dismissal, all of the Defendants except Syrop were dismissed from this lawsuit. Syrop now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

---

[3] Compl. ¶¶ 37, 48.

[4] Compl. ¶ 53.

[5] Compl. ¶ 54.

[6] Compl. ¶ 56.

[7] Compl. ¶¶ 57-58.

and that the movant is entitled to judgment as a matter of law.[8] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[9] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[10] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[11] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[12]

### III. Discussion

#### A. Capacity to Sue

Syrop claims that the Plaintiff is not a valid legal entity, and thus it cannot bring suit. Under FED. R. CIV. P. 17(b)(2), the capacity for a corporation to sue or be sued is determined "by the law under which it was organized." The Plaintiff was organized under Georgia law. Under O.C.G.A. § 14-3-302(1), every non-profit corporation has

---

[8] FED. R. CIV. P. 56(c).

[9] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[10] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[12] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

the power "[t]o sue . . . in its corporate name" unless such power has been restricted in its Articles of Incorporation. O.C.G.A. § 14-3-140(6) defines a non-profit corporation to simply be one that is "incorporated under or subject to the provisions of [the Chapter governing non-profit corporations]." Here, Syrop acknowledges that the Plaintiff was properly incorporated,[13] and he presents no evidence indicating that it has since been dissolved or otherwise officially terminated. Syrop also does not contend that the Plaintiff's Articles of Incorporation restrict its ability to bring suit. Accordingly, the Plaintiff is a corporate entity with the power to file this action.

In response, Syrop first argues that the Plaintiff is not a valid legal entity because it has no formal Board of Directors and no official by-laws as required by Georgia law.[14] This argument is without merit. Syrop cites to no authority suggesting that a corporation which is not in compliance with these requirements ceases to be a corporate entity capable of filing suit. Syrop then argues that the Plaintiff is essentially Schnute's "alter ego," and thus it is not a valid legal entity. This argument is equally without merit. The Plaintiff correctly points out that although the alter ego doctrine

---

[13] Syrop's Statement of Facts ¶ 1; Syrop's Reply in Supp. of his Mot. for Summ. J., at 5 ("Numerous examples exist that prove unequivocally that Plaintiff East Cobb Fastpitch, Inc. is a corporation . . ..").

[14] To support his claim that the Plaintiff must have a formal Board of Directors and official by-laws, Syrop cites to O.C.G.A. § 14-3-801(a) and O.C.G.A. § 14-3-206(a), respectively.

may permit a party to hold an individual defendant liable for the activities of a corporation,[15] there is no authority stating that the doctrine may be used to prevent a corporate entity from asserting its own claims.

In a final effort, Syrop claims that even if the Plaintiff is a legal entity capable of filing suit, no authorized officer of the Plaintiff approved this lawsuit. Under O.C.G.A. § 14-3-801(b), the corporate powers of a non-profit corporation "shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, its board." Here, Syrop argues that Schnute filed this lawsuit on behalf of the Plaintiff even though his association with the Plaintiff had been terminated. But the only piece of evidence cited by Syrop – a portion of Schnute's deposition – does not support this assertion.[16] In fact, in his deposition, Schnute testified that the attempt to have him ousted was unsuccessful.[17] Accordingly,

---

[15] See, e.g., Gwinnett Prop., N.V. v. G+H Montage GmbH, 215 Ga. App. 889, 893 (1994) (The alter ego "doctrine is generally used for the purpose of piercing the corporate veil to hold an individual stockholder liable for debts incurred by the corporation."); Baillie Lumber Co. v. Thompson, 279 Ga. 288, 289 (2005) ("Under the alter ego doctrine in Georgia, the corporate entity may be disregarded *for liability purposes* when it is shown that the corporate form has been abused.") (emphasis added).

[16] Syrop's Statement of Facts ¶ 6.

[17] See Schnute Dep. at 11-12.

Syrop has failed to establish the absence of a genuine dispute regarding whether an authorized officer of the Plaintiff approved this lawsuit.

## B. Syrop's Liability

Syrop briefly argues that he may not be liable because "the Plaintiff . . . was not an intended third-party beneficiary to any . . . attorney-client relationship which may have existed between the Co-Defendant [Syrop] and the other co-Defendants."[18] This misunderstands the Plaintiff's argument. The Plaintiff is arguing that Syrop is *directly* liable for trademark infringement because he prepared the incorporation documents for the two allegedly infringing corporate entities.[19] The Plaintiff also argues that Syrop was partially responsible for the use of the Plaintiff's trademarks – e.g., in advertisements – in connection with the infringing corporate entities.[20] In his Motion,

---

[18]  Syrop's Mot. for Summ. J., at 33.

[19]  Pl.'s Resp. to Syrop's Mot. for Summ. J., at 12-13.

[20]  Id.; Compl. ¶¶ 57-58.

Syrop supplies no evidence to dispute these allegations.[21] Thus, Syrop's Motion for Summary Judgment should be denied.

### IV. Conclusion

For these reasons, the Court DENIES the Defendant Michael Syrop's Motion for Summary Judgment [Doc. 92].

SO ORDERED, this 29 day of July, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[21] Syrop claims that the Plaintiff's evidence is insufficient on this point. (Syrop's Reply in Supp. of his Mot. for Summ. J., at 10-12.) This is incorrect. Even though the Plaintiff's evidence consists of Schnute's own testimony, (Syrop's Mot. for Summ. J., Ex. D, G), "Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." Price v. Time, Inc., 416 F.3d 1327, 1345 as modified on denial of reh'g, 425 F.3d 1292 (11th Cir. 2005). And given that Syrop has supplied no evidence in response, he has failed to establish the absence of a genuine dispute regarding whether he was responsible for the infringement of the Plaintiff's trademarks.